UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL C. LAMPLEY, <br> and TERRI L. LAMPLEY, <br><br> Plaintiffs, <br><br> v. <br><br> FRANKLIN COUNTY, ILLINOIS, <br> SHERIFF DONALD JONES, in his official and <br> Individual capacity, CHET SHAFFER, in his <br> official and individual capacity, <br> DEPUTY BACON, in his/her official and <br> Individual capacity, <br> GERALD DORRIS, in his official and individual <br> capacity, SUE FUNKHOUSER, in her official <br> and individual capacity, TRACY SISNEY, <br> in her official and individual capacity, <br> RACHEL HEISE, in her official and individual <br> capacity, TIFFANIE YOUNG HARRIS, in her <br> official and Individual capacity, <br> KAYELYNNE MASON, in her official and <br> Individual capacity, EDITH MARIE WILSON, <br> in her official and Individual capacity, <br> SEAN HOWELL, in his official and individual <br> capacity, PHILLIP COREY JACKSON, in his <br> official and Individual capacity, <br> DEPUTY EDWARDS, in his/her official and <br> Individual capacity, GREGORY DAVISON, in <br> his official and Individual capacity, <br> ANNABELLE SHUKITES, in her official and <br> Individual capacity, DEPUTY BURBANK, in his <br> official and Individual capacity, <br> DEPUTY JOHNSON, in his/her official and <br> Individual capacity, DEPUTY VELDMAN, in <br> his/her official and Individual capacity, <br> LIEUTENANT SKOBEL, in his/her official and <br> Individual capacity, DEPUTY IRWIN, in his/her <br> official and Individual capacity, DOES 1-10, <br> in their official and individual capacities, <br> NURSE DOE, in her official and individual <br> capacity, DR. ADEYEMI FATOKI, MD, in his | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 3:16-cv-117 <br><br> PLAINTIFF DEMANDS A <br> TRIAL BY JURY AS TO ALL <br> COUNTS |

1

official and individual capacity, and )
GREATHEIGHTS FAMILY MEDICINE LTD., )
)
Defendants. )

# COMPLAINT

## INTRODUCTION

1. Plaintiff Michael Lampley was severely injured on February 9, 2014 when his bowel ruptured while he was in the custody of the Franklin County Sheriff's Department at the Franklin County jail in Benton, Illinois.

2. Plaintiff Michael Lampley suffers from a condition known as diverticulitis. Said condition meant that Plaintiff required a special diet and also required he receive immediate medical care should he develop an infection or exhibit signs of an infection.

3. The Defendants ignored Plaintiff's dietary restrictions, causing Plaintiff to develop a severe infection of the bowel.

4. After developing the infection, Plaintiff Michael Lampley requested that he be given medical care on multiple occasions, said medical care was repeatedly denied to Plaintiff.

5. Jail personnel finally contacted a medical professional, Dr. Adeyemi Fatoki.

6. Despite knowing of Plaintiff Michael Lampley's condition, Dr. Fatoki instructed jail personnel to give Plaintiff Tylenol and monitor his condition, rather than instructing jail personnel to get Plaintiff emergency medical care.

7. Dr. Fatoki's orders caused a further delay in Plaintiff Michael Lampley receiving proper medical care, during which time Plaintiff's bowel ruptured.

8. Because of the negligence and violations of Plaintiff's civil rights, as described more fully below, Plaintiff was caused to be severely injured and required to undergo several

surgical procedures and extensive medical care.

9. This is a civil rights action, brought pursuant to 42 U.S.C. §1983, to redress the violation of Michael Lampley's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. It is also a claim for medical negligence and loss of consortium brought under the laws of the State of Illinois.

## JURISDICTION AND VENUE

10. The Court has jurisdiction pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1331 because this action seeks to redress Plaintiff's deprivation, under the color of Illinois State Law, of rights secured by the Constitution of the United States. Plaintiffs' claims for relief are cognizable under 42 U.S.C. §§ 1983 and 1988.

11. Jurisdiction with respect to the state law claims is proper under 28 U.S.C. §1367 because these claims are so related to the other claims in this complaint that they form part of the same case or controversy.

12. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because the Defendants are located, and all incidents giving rise to this suit occurred, in this judicial district.

## PARTIES

13. Plaintiffs Michael Lampley and Terri Lampley, husband and wife, bring the above entitled cause of action. Plaintiffs currently reside in Benton, Illinois.

14. Defendant Franklin County, Illinois is a body politic and county existing pursuant to the law of the State of Illinois, and owns, operates and otherwise controls the Franklin County, Illinois jail, by and through its Sheriff's Department.

15. Defendant Sheriff Donald Jones is an elected official and individual that is

charged with the oversight of the Franklin County Sheriff's Department and the Franklin County, Illinois jail. Defendant is a resident of the State of Illinois.

16. Defendant Chet Shaffer, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

17. Defendant Deputy Bacon, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

18. Defendant Gerald Dorris, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

19. Defendant Sue Funkhouser, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

20. Defendant Tracy Sisney, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

21. Defendant Rachel Heise, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

22. Defendant Tiffanie Young Harris, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein

mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

23. Defendant Kayelynne Mason, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

24. Defendant Edith Marie Wilson, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

25. Defendant Sean Howell, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

26. Defendant Phillip Corey Jackson, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

27. Defendant Deputy Edwards, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

28. Defendant Gregory Davison, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

29. Defendant Annabelle Shukites, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

30.     Defendant Deputy Burbank, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

31.     Defendant Deputy Johnson, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

32.     Defendant Deputy Veldman, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

33.     Defendant Lieutenant Skobel, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

34.     Defendant Deputy Irwin, was at all times mentioned herein, a Deputy Sheriff / Officer with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois.

35.     Defendant Does 1-10, were at all times mentioned herein, deputy sheriffs / officers with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County Jail. The true names of Defendant Does 1-10 are unknown to the Plaintiffs at this time.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named Defendants is responsible for some part of the conduct and liabilities complained herein. Upon information and belief, Defendant Does 1-10 are each residents of the State of Illinois.

36. Defendant Nurse Doe, upon information and belief, was at all times mentioned herein a licensed medical professional and nurse with the Franklin County Sheriff's Department, and at all times herein mentioned worked in the Franklin County jail. Defendant is a resident of the State of Illinois. The true name of Defendant Nurse Doe is unknown to the Plaintiffs at this time. Plaintiff will seek leave to amend this complaint to show the true name of Nurse Doe when it has been ascertained. Upon information and belief, Defendant Nurse Doe is a resident of the State of Illinois.

37. Defendant Dr. Adeyemi Fatoki, was at all times mentioned herein, a medical doctor who was licensed with the State of Illinois, and was an employee and / or agent of Defendant Franklin County, Illinois and Defendant Great Heights Family Medicine, Ltd. Upon information and belief, Defendant is a resident of the State of Illinois.

38. Defendant Great Heights Family Medicine, Ltd. was at all times herein mentioned a limited company organized and existing pursuant to the law of the State of Illinois, and was in the business of providing health care and medical care to individuals within the State of Illinois.

## FACTS

39. Plaintiff Michael Lampley was an inmate at the Franklin County Illinois jail.

40. Said jail is owned, controlled and otherwise operated by Franklin County, Illinois, and the Franklin County Sheriff Donald Jones.

41. Plaintiff Michael Lampley suffers from a medical condition known as diverticulitis which affects the intestine.

42. Because of Plaintiff's medical condition, Plaintiff was and is precluded from consuming nuts, seeds, fruits with seeds, corn, or any other type of food that could become

7

lodged in Plaintiff's intestines.

43. Consuming said foods could lead to severe infections in Plaintiff Michael Lampley's bowels.

44. All of the officers, deputies, lieutenants, and personnel at the Franklin County jail, as well as Sheriff Donald Jones and Franklin County, Illinois, knew or should have known of Plaintiff Michael Lampley's condition and dietary restrictions.

45. However, Plaintiff's dietary restrictions were ignored, and he was served food such as corn, strawberries, etc that were outside of his dietary restrictions.

46. When Plaintiff Michael Lampley complained about the food he was served, no accommodation was provided for alternative food that did meet his medical indicated dietary restrictions.

47. On or about February 2, 2014, Plaintiff Michael Lampley began to experience severe pain in his abdomen that was indicative of an infection of his intestine and bowel.

48. Plaintiff complained to the jail staff and personnel, and repeatedly requested medical attention.

49. Plaintiff repeatedly requested to be allowed to see his doctor and/or to be taken to the hospital.

50. On February 7, 2014 Plaintiff Michael Lampley was moved to a segregation cell due to his medical condition.

51. Defendant Franklin County and its sheriff's department did not have adequate policies, procedures, and customs in place to deal with inmate medical emergencies and, as such, the policies, procedures, and customs that were in place were unconstitutional.

52. No jail personnel, including deputies, officers, staff, nurses or any other person, contacted a doctor on Plaintiff Michael Lampley's behalf until February 8, 2014.

53. On February 8, 2014, at approximately 12 p.m. a jail officer/deputy contacted Defendant Dr. Adeyemi Fatoki.

54. The officer/deputy advised Dr. Fatoki of Plaintiff Michael Lampley's condition and that he suffered from diverticulitis.

55. Dr. Fatoki advised the officer/deputy to have jail personnel, which included no licensed or trained medical professional, to monitor Plaintiff's condition and to give him Tylenol.

56. Plaintiff's condition continued to deteriorate and his pain level increased to the point that Plaintiff was completely physically incapacitated.

57. On February 9, 2014, at approximately 8 a.m., jail personnel once again contacted Dr. Fatoki, who at that time directed jail personnel to take Plaintiff to the hospital.

58. Plaintiff Michael Lampley was then taken to Franklin Hospital in Benton, Illinois by Defendant Rachel Heise.

59. Upon arrival at Franklin Hospital, it was discovered that Plaintiff has a severe infection of the bowel and that his intestine had ruptured.

60. Plaintiff Michael Lampley was taken in for emergency surgery, and was required to have extensive medical care, including multiple surgeries, which included the removal of a large portion of Plaintiff's intestine and the use of a colostomy bag.

61. Plaintiff Michael Lampley was returned to the Franklin County jail on or about February 17, 2014.

9

62. Because of his surgeries and medical condition at that time, Plaintiff required medical care and supervision, which included, but was not limited to the changing and cleaning of his colostomy bag.

63. Upon return to the jail, Plaintiff was unable to have his colostomy bag changed, as the jail did not have any personnel, including the facility nurse, that knew how to change and otherwise clean and sanitized Plaintiff's colostomy bag.

64. On February 18, 2014, the jail called Plaintiff Terri Lampley, and asker her to come to the jail to change Plaintiff Michael Lampley's colostomy bag.

65. Plaintiff was released from the Franklin County jail on February 19, 2014 because the jail could not accommodate his medical care.

**COUNT I**
**DELIBERATE INDIFFERENCE TO THE DIETARY RESTRICTIONS OF PLAINTIFF AND FAILURE TO PROVIDE MEDICALLY PRESCRIBED MEALS TO PLAINTIFF, IN VIOLATION OF THE FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**
**42 U.S.C. §1983**

**PLAINTIFF MICHAEL LAMPLEY V. DEFENDANTS FRANKLIN COUNTY, ILLINOIS, SHERIFF DONALD JONES, CHET SHAFFER, DEPUTY BACON, GERALD DORRIS, SUE FUNKHOUSER, TRACY SISNEY, RACHEL HEISE, TIFFANIE YOUNG HARRIS, KAYELYNNE MASON, EDITH MARIE WILSON, SEAN HOWELL, PHILLIP COREY JACKSON, DEPUTY EDWARDS, GREGORY DAVISON, ANNABELLE SHUKITES, DEPUTY BURBANK, DEPUTY JOHNSON, DEPUTY VELDMAN, LIEUTENANT SKOBEL, DEPUTY IRWIN, DOES 1-10, NURSE DOE**

66. The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in the above paragraphs.

67. Defendants knew of Plaintiff Michael Lampley's dietary restrictions and willfully chose to ignore them by serving Plaintiff corn, fruit that contained seeds, etc.

68. That the actions of Defendants constitute cruel and unusual punishment and

violate the Eight Amendment to the Constitution of the Unites States.

69. Plaintiff was in Defendants' custody, and their refusal to follow Plaintiff's medically required dietary restrictions was objectively unreasonable conduct and was deliberately indifferent to the dietary and medical needs of Plaintiff.

70. As a result of Defendants' objectively unreasonable conduct and deliberate indifference to Plaintiff's necessary dietary and medical needs, Plaintiff suffered damages, including the need to seek medical care, to undergo multiple surgical procedures, and to become indebted for medical expenses in a sum not yet determined, and Plaintiff will be required to seek additional and future medical care, and become indebted for further such large sums as a result of Defendants conduct as Plaintiff's medical condition is both progressive and permanent in nature.

71. As a result of Defendants' objectively unreasonable conduct and deliberate indifference to Plaintiff's necessary dietary and medical needs, Plaintiff suffered, and will continue to suffer in the future, pain, discomfort, distress, mental anguish, disfigurement, and loss of a normal life.

72. That as a direct and proximate result of the actions of Defendants, Plaintiff Michael Lampley is disabled and in the future will lose wages and income in an amount yet to be ascertained.

73. That the misconduct described herein was undertaken with malice, willfulness, and reckless indifference to Plaintiff's health and safety.

74. That the misconduct described herein was undertaken pursuant to the unconstitutional policies and practices of Franklin County, Illinois, by and through the Franklin

11

County Sheriff's Department, and Franklin County Sheriff Donald Jones.

75. If Plaintiff prevails, he is entitled to an award of attorney's fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for compensatory damages and for attorney's fees and costs of this litigation, and for other relief as is appropriate under the law.

## COUNT II
## FAILURE TO PROVIDE ADEQUATE AND NECESSARY MEDICAL CARE IN VIOLATION OF THE FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
## 42 U.S.C. §1983

**PLAINTIFF MICHAEL LAMPLEY V. DEFENDANTS FRANKLIN COUNTY, ILLINOIS, SHERIFF DONALD JONES, CHET SHAFFER, DEPUTY BACON, GERALD DORRIS, SUE FUNKHOUSER, TRACY SISNEY, RACHEL HEISE, TIFFANIE YOUNG HARRIS, KAYELYNNE MASON, EDITH MARIE WILSON, SEAN HOWELL, PHILLIP COREY JACKSON, DEPUTY EDWARDS, GREGORY DAVISON, ANNABELLE SHUKITES, DEPUTY BURBANK, DEPUTY JOHNSON, DEPUTY VELDMAN, LIEUTENANT SKOBEL, DEPUTY IRWIN, DOES 1-10, NURSE DOE, DR. ADEYEMI FATOKI**

76. The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in the above paragraphs.

77. Defendants knew Plaintiff Michael Lampley was in need of emergency medical care, when on or about February 2, 2014, Plaintiff informed Defendants, that he was experiencing severe abdominal pain, and that he believed this was caused by his medical condition, diverticulitis.

78. Defendants were aware that prior to developing severe pain, Defendants knew Plaintiff had consumed food that could result in an infection and intestinal issues, as they had served him said food.

12

79. That despite this knowledge, and despite Plaintiff's repeated pleas for medical attention, he was not allowed to be seen by a medical doctor for many days.

80. That Defendants, despite knowing of Plaintiff's condition, and despite their knowledge of the cause of his pain and underlying medical condition, refused to provide emergency medical care for Plaintiff Michael Lampley despite their knowledge that said emergency care was needed.

81. That by the time Plaintiff Michael Lampley was taken to the hospital for medical attention, he had a severe infection of the intestine, and his bowel had ruptured requiring emergency surgery.

82. That after many weeks of treatment, and several surgical procedures, Plaintiff Lampley was returned to the Franklin County jail, with certain medical restrictions, including a colostomy bag.

83. That after his return to the Franklin County jail, jail personnel, including Nurse Doe, refused to properly change and clean Plaintiff's colostomy bag, resulting in further medical complications and injuries to Plaintiff.

84. That the actions of Defendants, both individually, and acting together and in concert, constitute cruel and unusual punishment and violate the Eight Amendment to the Constitution of the Unites States.

85. Plaintiff was in Defendants' custody, and their refusal to get Plaintiff Michael Lampley appropriate medical care was objectively unreasonable conduct and was deliberately indifferent to the medical needs of Plaintiff.

86. As a result of Defendants' objectively unreasonable conduct and deliberate

13

indifference to Plaintiff's medical needs, Plaintiff suffered damages, including the need to seek medical care, to undergo multiple surgical procedures, and to become indebted for medical expenses in a sum not yet determined, and Plaintiff will be required to seek additional and future medical care, and become indebted for further such large sums as a result of Defendants conduct as Plaintiff's medical condition is both progressive and permanent in nature.

87. As a result of Defendants' objectively unreasonable conduct and deliberate indifference to Plaintiff's medical needs, Plaintiff suffered, and will continue to suffer in the future, pain, discomfort, distress, mental anguish, disfigurement, and loss of a normal life.

88. That as a direct and proximate result of the actions of Defendants, Plaintiff Michael Lampley is disabled and in the future will lose wages and income in an amount yet to be ascertained.

89. That the misconduct described herein was undertaken with malice, willfulness, and reckless indifference to Plaintiff's health and safety.

90. That the misconduct described herein was undertaken pursuant to the unconstitutional policies and practices of Franklin County, Illinois, by and through the Franklin County Sheriff's Department, and Franklin County Sheriff Donald Jones.

91. If Plaintiff prevails, he is entitled to an award of attorney's fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for compensatory damages and for attorney's fees and costs of this litigation, and for other relief as is appropriate under the law.

## COUNT III
## MEDICAL NEGLIGENCE

**PLAINTIFF MICHAEL LAMPLEY V. DEFENDANTS DR. ADEYEMI FATOKI AND GREAT HEIGHTS FAMILY MEDICINE LTD.**

92. The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in the above paragraphs.

93. That Defendant Dr. Adeyemi Fatoki is a medical doctor and, upon information and belief, a resident of the State of Illinois and is licensed to practice medicine in the State of Illinois and that at all times mentioned herein he operated within the course and scope of his agency and employment as an agent and employee of Great Heights Family Medicine.

94. That Defendants were negligent in the care of Plaintiff Michael Lampley in the following respects to wit:

   a. That Defendants negligently and carelessly failed to indicate that Plaintiff required emergency medical care because of a severe infection in his intestine.

   b. That Defendants failed to themselves provide the proper medical care to Plaintiff to treat said infection so that Plaintiff's intestine did not rupture.

   c. That Defendant negligently and carelessly delayed and inhibited Plaintiff from receiving emergency medical care without due cause and reason.

   d. That Defendants negligently and carelessly failed to identify and/or properly diagnose Plaintiff's condition, despite the necessary and proper information to do so.

   e. That Defendants negligently and carelessly failed to medically manage Plaintiff's complaints of pain.

   f. That Defendants negligently and carelessly failed to medically manage Plaintiff's needs after his multiple surgeries and return to the Franklin County jail.

95. That as a direct and proximate result of the negligence of Defendants, Plaintiff Michael Lampley was caused to sustain, numerous surgical procedures, physical incapacitation,

15

severe conscious pain and mental anguish; Plaintiff's injuries, pain and damages are permanent, disabling and progressive.

96. That as a direct and proximate result of the negligence of Defendants Plaintiff Michael Lampley was caused to become obligated for large sums due to medical expenses for care and treatment and will in the future become obligated for items of expense in obtaining and receiving medical care and treatment in an amount yet to be ascertained; that all the aforementioned injuries are permanent.

97. That as a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff Michael Lampley is disabled and in the future will lose wages and income in an amount yet to be ascertained.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for compensatory damages and for attorney's fees and costs of this litigation, and for other relief as is appropriate under the law.

## COUNT IV
## MEDICAL NEGLIGENCE

### PLAINTIFF MICHAEL LAMPLEY V. DEFENDANT NURSE DOE

98. The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in the above paragraphs.

99. Upon information and belief, Defendant Nurse Doe is a nurse and/or medical professional and is a resident of the State of Illinois and licensed to practice in the State of Illinois and that at all times mentioned herein operated within the course and scope of her agency and employment as an agent and employee of Defendant Franklin County, Illinois.

100. That Defendant was negligent in the care of Plaintiff Michael Lampley in the following respects to wit:

    a. That Defendant negligently and carelessly failed to indicate that Plaintiff required emergency medical care because of a severe infection in his intestine.

    b. That Defendant failed to provide the proper medical care to Plaintiff to treat said infection so that Plaintiff's intestine did not rupture.

    c. That Defendant negligently and carelessly delayed and inhibited Plaintiff from receiving emergency medical care without due cause and reason.

    d. That Defendant negligently and carelessly failed to identify and/or properly diagnose Plaintiff's condition, despite the necessary and proper information to do so.

    e. That Defendant negligently and carelessly failed to medically manage Plaintiff's complaints of pain.

    f. That Defendant negligently and carelessly failed to medically manage Plaintiff's needs after his multiple surgeries and return to the Franklin County jail.

101. That as a direct and proximate result of the negligence of Defendant, Plaintiff Michael Lampley was caused to sustain, numerous surgical procedures, physical incapacitation, severe conscious pain and mental anguish; Plaintiff's injuries, pain and damages are permanent, disabling and progressive.

102. That as a direct and proximate result of the negligence of Defendant Plaintiff Michael Lampley was caused to become obligated for large sums due to medical expenses for care and treatment and will in the future become obligated for items of expense in obtaining and receiving medical care and treatment in an amount yet to be ascertained; that all the aforementioned injuries are permanent.

103. That as a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff Michael Lampley is disabled and in the future will lose wages and income in an amount yet to be ascertained.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for compensatory damages and for attorney's fees and costs of this litigation, and for other relief as is appropriate under the law.

## COUNT V
## LOSS OF CONSORTIUM

### PLAINTIFF TERRI LAMPLEY V. ALL NAMED DEFENDANTS

104. The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in the above paragraphs.

105. That Plaintiff Terri Lampley is a resident of the State of Illinois and was at all times relevant hereto the lawful wife of Plaintiff Michael Lampley.

106. That as a direct and proximate result of the negligence of Defendants, as aforesaid, and the resulting injuries and damages sustained by Plaintiff Michael Lampley, Plaintiff has been caused to lose the support, care, consortium, and companionship of his wife.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for compensatory damages and for attorney's fees and costs of this litigation, and for other relief as is appropriate under the law.

## COUNT VI
## RESPONDENT SUPERIOR

**PLAINTIFFS V. ALL DEFENDANTS**

107. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in this Complaint with the same force and effect as if fully set forth.

108. In committing the acts alleged in the preceding paragraphs, the individually named Defendants were members of, and acting as agents of, Franklin County, Illinois and the Franklin County Sheriff's department, and acting at all relevant times within the scope of their employment.

109. Defendant Franklin County, Illinois is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for compensatory damages and for attorney's fees and costs of this litigation, and for other relief as is appropriate under the law.

**COUNT VII**
**INDEMNIFICATION**

**PLAINTIFFS V. ALL DEFENDANTS**

110. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in this Complaint with the same force and effect as if fully set forth.

111. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

112. The individually named Defendants are or were employees and agents of Franklin County, Illinois and the Franklin County Sheriff's department, and acting at all relevant times

within the scope of their employment when committing the misconduct described herein.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for compensatory damages and for attorney's fees and costs of this litigation, and for other relief as is appropriate under the law.

Respectfully submitted,

/s/Michael Gras
MICHAEL GRAS, #6303414
Law Office of Christopher Cueto, Ltd.
7110 West Main Street
Belleville, IL 62223
Phone: (618) 277 – 1554
Fax: (618) 277 – 0962

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

Pursuant to Rule 7.1 of the Local Rules of the Southern District of Illinois, I certify that a true and correct copy of the foregoing has been properly served upon all counsel of record as required by the Federal Rules of Civil Procedure.

/s/Michael Gras
MICHAEL GRAS, #6303414
Law Office of Christopher Cueto, Ltd.
7110 West Main Street
Belleville, IL 62223
Phone: (618) 277 – 1554
Fax: (618) 277 – 0962