# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL C. LAMPLEY and<br>TERRI L. LAMPLEY,<br><br>    PlaintiffS,<br><br>    v.<br><br>FRANKLIN COUNTY, ILLINOIS, *et al.*,<br><br>    Defendants. | Case No. 16-cv-00117-JPG-DGW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Correct Care Solutions, LLC's ("CCS") Motion (Doc. 40) to Dismiss Plaintiffs' Amended Complaint (Doc. 36) pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiffs filed a response (Doc. 44).

**1. Background**.

Defendant CCS moves to dismiss plaintiffs' amended complaint based upon the applicable statute of limitations. Plaintiffs' initial complaint (Doc. 1) was filed on February 1, 2016, and incorrectly named Great heights Family Medicine, Ltd. as the employer of defendant Dr. Adeyemi Fatoki. Upon discovering that Dr. Fatoki was actually acting within the scope of his employment with CCS, plaintiffs moved to amend their complaint and add CCS as a defendant. (Doc. 34). The Court granted plaintiffs' motion to amend (Doc. 35) and plaintiffs filed their amended complaint on February 28, 2017.

The amended complaint alleges that Dr. Fatoki was acting within the scope of his employment with CCS when he allegedly failed to properly treat plaintiff Michael Lampley's medical condition of diverticulitis causing plaintiff Michael Lampley's bowel to rupture. The

1

incident occurred in February 2014 when Plaintiff Michael Lampley was in the custody of the Franklin County Sheriff's Department at the Franklin County jail in Benton, Illinois. The amended complaint alleges one count of medical negligence; one count of respondent superior; one count of indemnification; and one count of loss of consortium against CCS.

**2. Standard.**

When reviewing defendants' Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

Federal Rule of Civil Procedure 15 provides, in pertain part:

**(c) Relation Back of Amendments.**

**(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

**(A)** the law that provides the applicable statute of limitations allows relation back;

2

> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Further, "[d]ismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009).

**3. Analysis.**

In this case, the plaintiffs have demonstrated that the amendment relates to a claim that arose out of the conduct, transaction, or occurrence set out in the original pleading and that CCS knew, or should have known, that this action would have been properly brought against it but for the mistake concerning the identity of Dr. Fatoki's employer. CCS did not file an objection to plaintiffs' Motion (Doc. 34) for Leave to Amend and join CCS as a defendant. As such, the Court found that Plaintiffs' proposed amended complaint was neither unduly delayed nor futile or brought with dilatory motive. (Doc. 35). The Court further finds that CCS will not be prejudiced in defending the merits of this matter.

**4. Conclusion.**

Based on the above, Defendant Correct Care Solutions, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** 5/31/2017                     *s/J. Phil Gilbert*
                                         **J. PHIL GILBERT**
                                         **U.S. DISTRICT JUDGE**